Argued March 27, affirmed April 28, 1914.

## BLAKE v. NATIONAL HOSPITAL ASSN.

(141 Pac. 158.)

**Pleading—Waiver of Objections—Variance.**

1. Where the agreement between defendant hospital association and S., plaintiff's employer, set out in the complaint, provides that defendant shall provide for employees of S. treatment by any of the physicians employed by defendant in their respective localities and all necessary hospital service at adequate and well-appointed hospitals, and the contract introduced in evidence contains the same provisions, though the former contract has several unfilled blanks, which are filled in in the latter, the variance, not pointed out during the trial, is immaterial after the trial.

**Hospitals—Contracts—Actions for Breach—Questions for Jury.**

2. In an action against a hospital association for breach of a contract with plaintiff's employer to furnish hospital service, evidence *held* to present questions for the jury whether plaintiff received defendant's permission to change to a hospital at Portland at which he claims to have been refused service, and whether he was still entitled to be received into a hospital at all.

From Multnomah: HENRY E. McGINN, Judge.

This is an action by Lincoln Blake against National Hospital Association. From a judgment in favor of plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. Arthur M. Dibble.*

For respondent there was a brief with oral arguments by *Messrs. Cole & Cole.*

Department 2. MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action brought to recover damages for breach of contract to furnish medical treatment and hospital services to employees of Strawbridge in his

logging business in Snohomish County, Washington. Plaintiff sets out in the complaint the contract that he alleges was violated. That allegation is denied by the answer, which sets out a contract entered into between defendant and said Strawbridge. The complaint substantially purports to set out the agreement alleged to be violated. So far as material here it provides as follows:

"This agreement made and entered into this —— day of ——, 1911, by and between the National Hospital Association, Inc., of Seattle, Washington, and Portland, Oregon, hereinafter referred to as the party of the first part, and B. A. Strawbridge, hereinafter referred to as the party of the second part, witnesseth: The party of the first part hereby promises and agrees to provide medical, surgical, and dental treatment, and hospital services when necessary * * to the employees of the party of the second part in ——, as follows: I. With all necessary medicines and medical and surgical treatment by any physician employed by the party of the first part in their respective localities, and for this purpose, the party of the first part agrees to keep and maintain in the town of —— a duly authorized and licensed physician. It is understood that said physician is to be called only when injury is too serious for injured to call at the physician's office. * * IV. With all necessary hospital services at adequate and well-appointed hospitals to be provided by the party of the first part. Said hospital services to include board and nurse, with medical and surgical care and attention. It being understood, however, that said services shall not exceed six months, when made necessary by any one illness, but that after the expiration of six months' continuous treatment in the hospital necessary medical and surgical treatment, including medicines, will be continued outside of the hospital for a further period of six months. * * "

The contract set up by the answer, so far as the same relates to these issues, is as follows:

## "Exhibit A.

"This agreement made and entered into this 1st day of February, 1912, by and between the National Hospital Association, Inc., of Portland, Oregon, hereinafter referred to as the party of the first part, and B. A. Strawbridge, not incorporated, hereinafter referred to as the party of the second part, witnesseth: The party of the first part hereby promises and agrees to provide medical and surgical and dental treatment and hospital services when necessary * * to the employees in their logging operations of the party of the second part, in Bryant, Snohomish County, Washington, as follows: I. With all necessary medicines and medical and surgical treatment by any of the physicians employed by the party of the first part in their respective localities, and for this purpose the party of the first part agrees to keep and maintain in the city of Seattle, Washington, duly authorized and licensed physicians, and further agrees that the party of the second part may employ the services of a physician located at Arlington, Washington. * * IV. With all necessary hospital services at adequate and well-appointed hospitals to be provided by the party of the first part. Said hospital services to include medicines, nursing, board, etc., and medical and surgical care and attention. It being understood, however, that this service shall not exceed six months when made necessary by any one injury or illness, but after the expiration of six months' treatment in the hospital, necessary medical and surgical treatment, including medicines, will be continued when necessary for a further period of six months. * * "

1. Defendant urges that the variance between the contract of the defendant and Strawbridge, set out in the complaint as the basis of the action, and the contract set out in the answer, which is admitted to be the only contract between defendant and Strawbridge, constitutes a failure of proof, and most of the exceptions assigned by defendant are based on that alleged variance. Exhibit A of the answer is but a slight modifi-

cation of the form of the contract set out in the complaint—evidently a change to fit a particular case. The one set out in the complaint purports to be only a form. There are many blanks in it, and it is not signed by either party, and is alleged to be only a substantial copy. Defendant denies the allegation of the contract set out in the complaint, and alleges it did make a contract with Strawbridge, which it attaches as Exhibit A. It admits that plaintiff was employed by Strawbridge, and that, becoming ill from apoplexy or paralysis, he was received for treatment by the defendant at the hospital at Seattle, and was furnished with medical treatment and hospital accommodations for 58 days. The only complaint of the plaintiff is that defendant refused to provide hospital treatment and the care and services of a physician at Portland. For such refusal he seeks to recover damages. The discrepancy between the contract admitted and the one alleged in the complaint does not relate to any matter material to this cause of action, and the contract proved is substantially as alleged in the complaint, at least so far as the alleged breach is concerned. We think the contract, Exhibit A, so far as it varied from the one set out in the complaint, was immaterial after trial, and did not require further proof. It was not questioned during the trial. Exhibit A specifies that the defendant shall provide medical and surgical services when necessary to employees of Strawbridge (plaintiff being one) as follows:

"I. * * Treatment by any of the physicians employed by defendant in their respective localities. * * IV. With all necessary hospital services at adequate and well-appointed hospitals * * to include medicines, nursing, board, etc.," and medical care.

2. The contract does not provide the place or places at which hospitals shall be maintained, and contem-

plates the employment of physicians at more than one place, who can be called upon in their respective localities only. It seems to be conceded that defendant had available hospitals at Seattle and Portland, with physicians employed by it located in both places; and, plaintiff being employed in Snohomish County and having been received for treatment at defendant's Seattle hospital, defendant contends he could not change therefrom to Portland without defendant's consent. The evidence tends to show that plaintiff sought to act under defendant's direction in leaving the hospital, and that he obtained its consent and authority to change to the Portland hospital, at which defendant subsequently refused to receive him. If defendant gave permission to plaintiff to go to the hospital in Portland, and thereby waived the right to insist that he was entitled to be received only at Seattle, there being evidence tending to establish that fact, it was a matter for the jury to decide, as was also the question as to whether plaintiff was still entitled to be received into the hospital at all, concerning which there was some evidence.

We find no error, and the judgment is affirmed.

AFFIRMED.

Mr. Justice Bean, Mr. Justice McNary and Mr. Justice Burnett concur. Mr. Chief Justice McBride not sitting.